IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

John Jay Carroll, )
    Petitioner, )
)
v. ) 1:10cv185 (CMH/JFA)
)
Director, Department of Corrections, )
    Respondent. )

## MEMORANDUM OPINION

John Jay Carroll, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Virginia Department of Corrections' computation of his sentence. By Order dated April 21, 2010, respondent, the Attorney General of Virginia, was directed to show cause within sixty days why the writ should not be granted. On June 11, 2010, respondent filed a Motion to Dismiss the petition, a brief in support of that Motion, a Rule 5 Answer, and the Notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4 Cir. 1975). Petitioner was given the opportunity to file responsive materials and filed a reply on July 2, 2010. For the reasons that follow, the petition will be dismissed.

### I. Background

Carroll was serving a sentence in New Jersey when he was transferred to Stafford County, Virginia to stand trial, pursuant to the Interstate Agreement on Detainers. While on trial for carjacking, Carroll was held in a Virginia jail for a total of 288 days, from October 3, 1997 until July 17, 1998. Carroll was ultimately convicted and sentenced to serve thirteen years, with the sentence to run consecutively with his New Jersey sentence.

Carroll was returned to New Jersey to finish the remainder of his sentence in that state. In February 2008, he was returned to Virginia to begin his thirteen year sentence for carjacking. When

Carroll received an update sheet regarding his status and sentence computation, he realized that he was not being credited for 288 days toward his Virginia sentence despite the time he had been held in Virginia while on trial. Carroll filed a petition for writ of habeas corpus in the Circuit Court for Stafford County, Virginia, which was dismissed. Carroll v. Johnson, Case No. CL08001222-00. Carroll appealed to the Supreme Court of Virginia, which granted the appeal but denied the petition on November 5, 2009. See Carroll v. Johnson, 685 S.E.2d 647 (Va. 2009). On February 16, 2010, Carroll filed the instant federal habeas petition,[1] arguing that the failure to credit 288 days toward his Virginia sentence violates his rights under Virginia Code § 53.1-187, the Virginia Constitution, and the United States Constitution. It is uncontested that Carroll exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause,

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, Carroll states that he placed his petition in the prison mailing system on February 16, 2010. This Court received the petition on March 1, 2010.

the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Merits

Carroll argues that he is being denied 288 days of jail credit for the time he was incarcerated in Virginia while on trial for carjacking, in violation of his rights under Virginia Code § 53.1-187, the Virginia Constitution, and the United States Constitution. The Supreme Court of Virginia rejected this claim on the merits. Specifically, the Court held that it had jurisdiction to hear the claim although it would not result in Carroll's immediate release, but dismissed the petition because Carroll was not entitled to credit for 288 days toward his Virginia sentence as a matter of law. This holding was based on the Court's interpretation of Virginia Code § 53.1-187, the Virginia Constitution, and the Interstate Agreement on Detainers ("IAD"), found in Virginia Code § 53.1-210.

Both Virginia Code § 53.1-187 and the Virginia Constitution are state laws, and questions of state law that do not implicate federal rights are not cognizable on federal habeas under § 2254. Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Carroll does not argue that these laws deprive him of any constitutional rights. Therefore, these claims are dismissed.

The IAD, however, is a federal law, so the Supreme Court of Virginia's interpretation of this

law is subject to review by this Court. See New York v. Hill, 528 U.S. 110, 111 (2000) ("The Interstate Agreement on Detainers (IAD) is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State[, and as] a 'congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction.") (internal citations omitted). In reviewing the Supreme Court of Virginia's decision, Carroll fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

The Supreme Court of Virginia reasoned that, under the plain language of the IAD, "Virginia only gained 'temporary custody' of Carroll during the 288 days he spent in Virginia incident to his trial." See Carroll, 685 S.E.2d at 697. The court reasoned that Carroll remained a New Jersey prisoner under the IAD, and he received credit toward his New Jersey sentence for time spent in Virginia. Id. Accordingly, Carroll was not entitled to credit toward his Virginia sentence for the same 288 days. Id.

This result was not contrary to, or an unreasonable application of, clearly established federal law. The conclusions were based on the plain language of the IAD. The relevant portions of the IAD are found in Article V:

> (d) The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction...
>
> ***
>
> (f) During the continuance or temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, time being served on the sentence shall continue to run

> but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow.
>
> (g) For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law.

Neither Carroll nor the respondent cite to any Supreme Court decisions interpreting this language. However, respondent notes that the IAD is "federal law subject to federal rather than state construction." See Brief in Support 4, ECF No. 7 (citing Cuyler v. Adams, 449 U.S. 433, 438 (1981)). Furthermore, U.S. Court of Appeals for the Second Circuit has recognized that Article V(f) of the IAD "expressly provides that the sentence imposed by the first sovereignty continues to run while the defendant is being prosecuted in the second sovereignty." See In re: Liberatore, 574 F.2d 78, 89 n.10 (2d Cir. 1978); see also Brief in Support 4, ECF No. 7.

Given the lack of Supreme Court precedent in this area, it is clear that the state court's conclusions in Carroll's case were not "opposite to that reached by [the United States Supreme] Court on a question of law." Williams, 529 U.S. at 413. Further, the court did not "decide[] a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts" or "identif[y] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." Id. In fact, the Supreme Court of Virginia's reasoning fits within decisions of lower federal courts that have discussed this issue. See, e.g., United States v. Dowdell, 595 F.3d 50 (1st Cir. 2010) ("By preserving his rights under the IAD, [the defendant] was to remain in federal custody and receive credit toward the fulfillment of his term of incarceration for the unrelated charge in the state-court system, but receive

no credit toward any eventual federal sentence for the distribution offense until the state-court sentence had fully elapsed."). Therefore, the state court's decisions were not contrary to, or an unreasonable application of, federal law.

Finally, this result was not based on an unreasonable interpretation of the facts. The evidence before the Supreme Court of Virginia adequately demonstrated that Carroll had received credit for the 288 days he spent in custody in Virginia toward his sentence in New Jersey. Carroll has not provided clear and convincing evidence to rebut the state court's factual findings. Miller-El, 545 U.S. at 240. Therefore, Carroll's claims under the IAD will be dismissed.

## IV. Conclusion

For the above reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 7th day of February 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia